UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAO LE MINH KHAI,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>OTAY MESA IMMIGRATION COURT, and ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>　　　　　　　　　　Respondents. | Case No.: 3:25-cv-3611-CAB-AHG<br><br>**ORDER DENYING MOTION TO PROCEED IFP**<br><br>[Doc. No. 2] |

　　　　Petitioner Cao Le Minh Khai ("Petitioner"), an immigration detainee housed at the Otay Mesa Detention Center proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1.] Petitioner also filed a motion to proceed in forma pauperis ("IFP"). [Doc. No. 2.] Upon review, Petitioner's IFP motion is **DENIED** because Petitioner has not provided the Court with sufficient information to determine their financial status.

　　　　An IFP motion must include a completed affidavit with a statement of all assets showing an inability to pay the $5.00 filing fee. *See* S.D.Cal. CivLR 3.2. The Southern District of California has a standardized application to proceed IFP which requires a detailed accounting of income and expenses that is signed by the requestor. While

1

3:25-cv-3611-CAB-AHG

Petitioner submitted a short letter generally stating they are "not working and [] do not have a checking account[,]" [*see* Doc. No. 2 at 1], Petitioner has not submitted a completed application with a statement of all assets in accordance with this District's application.

Accordingly, the Court **DENIES** the IFP motion. [Doc. No. 2.] Because the Court cannot proceed until Petitioner has either paid the $5.00 filing fee or has qualified to proceed IFP, this case is subject to dismissal without prejudice. To avoid dismissal of this habeas case, Petitioner must, no later than **January 17, 2026**: (1) pay the $5.00 filing fee OR (2) submit adequate proof of his inability to pay the fee. For Petitioner's convenience, the Clerk of Court **SHALL** attach to this Order a blank application to proceed IFP.

Given Petitioner's position as a pro se litigant, the Court notes that the current Petition is deficient because it fails to name the warden of the facility where Petitioner is detained. Habeas petitioners "challenging their present physical confinement [must] name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition." *Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024). Even if Petitioner submits a completed IFP application and the Court grants it, the Court cannot exercise jurisdiction unless the petition is amended to name as respondent the warden of the detention facility where Petitioner is detained.

Finally, Petitioner may be interested in contacting Federal Defenders of San Diego to see if a Federal Defender can represent Petitioner in this matter. The telephone number for Federal Defenders' San Diego Office is 619-234-8467 (Toll Free: 888-614-9867) and the El Centro Office is 760-335-3510 (Toll Free: 877-404-9063).

It is **SO ORDERED**.

Dated: December 17, 2025

Hon. Cathy Ann Bencivengo
United States District Judge